Filed 3/10/16  P. v. Colley CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BRIAN DOMINIC COLLEY,<br><br>    Defendant and Appellant. | A142090<br><br>**Order Modifying Opinion [No Change in Judgment]**<br><br>(San Mateo County<br>Super. Ct. No. SC076122A) |

THE COURT:

It is ordered that the opinion filed February 16, 2016 be modified as follows:

(1) On page 4, replace the last sentence of the last full paragraph with the following:

Under the totality of the circumstances—the late hour, appellant's nervous and evasive behavior, and the officers' experience with lightweight guns—the search of the gun case was not unreasonable.[1]

---

[1] *United States v. Leo* (7th Cir. 2015) 792 F.3d 742, in which the Seventh Circuit found the search of a backpack unreasonable, is distinguishable.  In contrast to the facts of *Leo,* this case involves a traffic stop; appellant was not handcuffed; before exiting the car appellant appeared to rummage around in his backpack while shielding his actions from the officers' view; the officers interviewed appellant and verified the case was marketed as a gun case before conducting the search; and the officers suspected appellant was under the influence of controlled substances.

(2) On page 5, renumber footnote 6 as footnote 7.

There is no change in the judgment.

Appellant's petition for rehearing is denied.

Dated:_____  _____, P. J.

Filed 2/16/16  P. v. Colley CA1/5 (unmodified version)
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>BRIAN DOMINIC COLLEY,<br><br>        Defendant and Appellant. | A142090<br><br>(San Mateo County<br>Super. Ct. No. SC076122A) |

Defendant and appellant Brian Dominic Colley appeals following his no contest plea to possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1))[2] and possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)).  His sole contention on appeal is the trial court erred in denying his motion to suppress evidence discovered following a search of his gun case.  We affirm.

### BACKGROUND

About 1:10 a.m. on March 28, 2012, Officer Randy Vigus and another officer conducted a traffic stop.[3]  Vigus determined the driver had an outstanding warrant for his arrest and the officers arrested him.  The only passenger, appellant, remained in the car for several minutes while a third officer, Aaron Wong, watched him.  Wong testified appellant was "very nervous" and "fidgety" during this time.

---

[2] All undesignated section references are to the Penal Code.

[3] Appellant did not challenge the legality of the traffic stop.

1

The officers told appellant to step out of the car with his belongings. Wong testified appellant was "very nervous, very fidgety," and "looked around rapidly inside the vehicle." Appellant took a backpack from behind the driver's seat and, as he stepped out of the car, leaned into the front passenger compartment with the backpack in front of him, blocking Wong's view for 30 to 60 seconds as he apparently manipulated the backpack. When appellant finally stepped away from the car, Wong saw a black plastic container protruding from the top of the backpack. Wong believed the container was a gun case, based on his experience seeing hundreds of such containers. Wong told appellant to put the backpack down and appellant instead started turning away. The officers took the backpack from him and placed it near a patrol car about 25 feet away.

Appellant told the officers the case was "a CD case" and held "software." He made inconsistent statements about whether the backpack was his. He was "extremely fidgety, anxious, sweaty," with difficulty "paying attention [and] keeping his eyes open." Vigus suspected he was under the influence of a controlled substance. Wong conducted an internet search and determined the container was advertised as a gun case. The gun case was very light, but the officers had experience with extremely lightweight guns. Vigus searched the gun case and found compact discs; a hose commonly used for the ingestion of controlled substances, which was covered with a white residue; and Q-tips.[4]

The trial court denied appellant's motion to suppress, concluding the search was reasonable in light of the circumstances, including the location on the "side of the road" and the "attitude of the defendant." The court found "[t]he officers are reasonable in assuming that a gun case contains a gun. The fact that it doesn't weigh very much doesn't mean that there can't be a gun in there as is the reasonable assumption."

DISCUSSION

"In reviewing the trial court's suppression ruling, we defer to its factual findings if supported by substantial evidence. We independently assess the legal question of

---

[4] Following this discovery, appellant was arrested and the police searched his person and the rest of his backpack, finding a firearm and methamphetamine. Appellant does not challenge these searches on appeal.

whether the challenged search or seizure satisfies the Fourth Amendment." (*People v. Brown* (2015) 61 Cal.4th 968, 975.)

I. *Burden of Proof*

Appellant argues the trial court erroneously assigned the burden of proof to appellant. Appellant points to a comment made during closing arguments. After the People made their closing argument, defense counsel informed the court, "I actually have a second argument I should have made at the outset." The trial court responded, "You've got the burden. You've got rebuttal. [¶] If it turns out to be new, you [presumably, the prosecutor] can respond to it." Defense counsel replied, "That's exactly right."[5]

Under section 1538.5, "[a] defendant may move" to suppress evidence. (§ 1538.5, subd. (a)(1).) "[W]hen defendants move to suppress evidence, they must set forth the factual and legal bases for the motion, but they satisfy that obligation, at least in the first instance, by making a prima facie showing that the police acted without a warrant. The prosecution then has the burden of proving some justification for the warrantless search or seizure, after which, defendants can respond by pointing out any inadequacies in that justification." (*People v. Williams* (1999) 20 Cal.4th 119, 136 (*Williams*).)

Appellant did have a burden—the " 'burden of raising an issue,' " meaning "a party's obligation to bring an issue to the attention of the trial court and the opposing party . . . ." (*Williams, supra,* at p. 128.) The trial court's comment appeared to refer solely to this burden. Of course, the prosecutor still bore the burden of proving the warrantless search or seizure was justified. (*Id.* at p. 136.) Appellant has pointed to nothing in the record suggesting the trial court did not understand this burden of proof.

---

[5] Though it is not entirely clear that the court's first reference to "you" meant appellant, we accept appellant's assumption to that effect.

II. *The Suppression Motion Was Properly Denied*

Appellant argues the People failed to prove the search of the gun case was justified by the officers' reasonable suspicion that he was armed and dangerous. We disagree, and find the search justified on this ground.[6]

A law enforcement officer may conduct "a reasonable search for weapons for the protection of the police officer, where he has reason to believe that he is dealing with an armed and dangerous individual, regardless of whether he has probable cause to arrest the individual for a crime. The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger. [Citations.] And in determining whether the officer acted reasonably in such circumstances, due weight must be given, not to his inchoate and unparticularized suspicion or 'hunch,' but to the specific reasonable inferences which he is entitled to draw from the facts in light of his experience." (*Terry v. Ohio* (1968) 392 U.S. 1, 27, fn. omitted; see also *People v. Mendoza* (2011) 52 Cal.4th 1056, 1081-1082.)

Appellant concedes "Wong's concern when he first spied the gun case justified some action to clarify whether the case contained a weapon." He argues once the officers seized the gun case, they could no longer reasonably believe it held a gun because it was so light. At the suppression hearing, Wong testified he was aware of "exceedingly light" guns. Vigus testified he had a gun that weighs "very, very, very little," and had previously "dealt with a gun that it would have been very difficult to tell that if it was in that case when I picked it up and placed it on the patrol car. There are guns out there that would make that extremely difficult." Under the totality of the circumstances—the late hour, appellant's nervous and evasive behavior, and the officers' experience with lightweight guns—the search of the gun case was not unreasonable.

Appellant also argues that when the officers removed the gun case from his reach they eliminated the danger and correspondingly eliminated the need to search the case. A

---

[6] We need not and do not address the alternative justification raised by the People below.

similar argument was rejected in *People v. Ritter* (1997) 54 Cal.App.4th 274 (*Ritter*). In *Ritter*, an officer removed a fanny pack, the outside of which appeared to show the outline of a gun, from the defendant and subsequently searched it. (*Id.* at p. 277.) The defendant argued "after he removed the fanny pack and the risk was eliminated, the search was no longer justified as a safety measure." (*Id.* at p. 278.) The court disagreed, concluding "the deputy did not act unreasonably in taking preventive measures to ensure that there were no weapons within defendant's immediate grasp during the ongoing investigation," and finding "the deputy's prudence should not be faulted for a failure to pat down the fanny pack while defendant was wearing it." (*Id*. at p. 280.) We similarly decline to find the officers' search of appellant's gun case would only be justified if conducted within arms' reach of appellant.[7]

## DISPOSITION

The judgment is affirmed.

---

[7] Appellant argues *Ritter* is distinguishable because in that case, the defendant had been described as "threatening," was evasive when asked about weapons, was alone with a single deputy while another deputy was down the street, and wore a fanny pack with the outline of a gun showing. We do not find these differences to be material.

_____

SIMONS, J.

We concur.

_____

JONES, P.J.

_____

BRUINIERS, J.

(A142090)

6